■  HYMAN KRAMER, Respondent, v. CHATHAM GREEN, INC., Appellant.— Judgment, Supreme Court, New York County entered May 25, 1971, after trial to a jury, unanimously reversed, on the law, and the case remanded for trial anew, with costs and disbursements to abide the event. Plaintiff-respondent, employed by a plumbing contractor, was engaged in connecting pipe in a trench dug and maintained by defendant-appellant, owner of the building under construction. He was injured in an accident in which there was involved a heavy section of sewer pipe. There was evidence from which the jury could have found that an act of plaintiff's coemployee played a part in the accident. During deliberation, the jury, in two questions, requested instructions as to the responsibility of plaintiff's employer, under the contract with the owner, for the accident, whether plaintiff's employer was to be considered the employee of the owner, and whether the owner "Must * * * assume full liability for the actions of any employee, regardless of their affiliation with * * * [the plumbing contractor] * * * or any other contractor". Instead of answering the questions in terms that would explain to the jury the effect on the owner's responsibilities of whatever the plumbing contractor, through its employees, might have done — obviously called for by the questions — the court instructed merely that the plumber "is not a party to this case" and the like, in other language. "The jury should have been * * * instructed upon the precise subject they were so much in doubt

about that they sent an inquiry to the court." (*Stevenson* v. *N.Y. Contr. Co.*, 137 App. Div. 742, 750; see, also, *Towli* v. *Ford Motor Co.*, 30 A D 2d 319.) Since a new trial is required, attention is called to the failure of the court's charge to relate portions of the evidence, with immediacy, to what would otherwise be abstract propositions of law. (See *Green* v. *Downs*, 27 N Y 2d 205, 208.) Concur — McGivern, J. P., Markewich, McNally, Tilzer and Capozzoli, JJ.